UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DOE-76.176.112.107,<br><br>　　　　　　　　　Defendant. | Case No.: 3:16-cv-00316-BEN-NLS<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO EXPEDITE DISCOVERY**<br><br>**(Dkt. No. 7)** |

Before the Court is Plaintiff Dallas Buyers Club, LLC's ("Plaintiff") *Ex Parte* Motion to Expedite Discovery. (Dkt. No. 7.) No Defendant has been named or served, and so no opposition or reply briefs have been filed. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion.

**I.   Background**

On February 9, 2016, Plaintiff filed the operative First Amended Complaint against "Doe," who is allegedly a subscriber of Time Warner and assigned Internet Protocol ("IP") address 76.176.112.107 ("Defendant"). (Dkt. No. 6.) Plaintiff alleges it is the registered copyright holder of the motion picture Dallas Buyers Club. (Id. at ¶ 1.) Plaintiff alleges "*Dallas Buyers Club* is an acclaimed motion picture nominated for six Academy Awards (Oscars), winning Best Actor, Best Supporting Actor, and Best Makeup. Plaintiff's motion also won numerous Screen Actors Guild Awards, Golden

Globes and other awards." (Id. at ¶ 2.) Plaintiff alleges Defendant infringed its exclusive rights by utilizing BitTorrent to illegally copy and distribute Plaintiff's motion picture without Plaintiff's permission or consent. (Id. at ¶¶ 32-33.)

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of the IP address from the Internet Service Provider ("ISP") who leased the address. (Dkt. No. 7 at 1.) Specifically, Plaintiff seeks an order permitting it to serve a third party subpoena under Federal Rule of Civil Procedure 45 on the ISP that would require it to supply information about the identity of the subscriber to Plaintiff.[1] (Dkt. No. 7 at 2.)

## II.  Legal Standard

A party is generally not permitted to obtain discovery without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). However, courts have made exceptions to allow limited discovery after a complaint is filed to permit the plaintiff to learn the identifying information necessary to serve the defendant. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). A party who requests early or expedited discovery must make a showing of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

---

[1] In its *ex parte* motion, Plaintiff names Cox Communications and Time Warner as the ISP with the subscriber's information. (Dkt. No. 7 at 2; Dkt. No. 7-1 at 2.) Yet Plaintiff's First Amended Complaint and the exhibit attached to it indicate that the ISP who assigned the IP address to Defendant is Time Warner. (Dkt. No. 6 at 5; *see also* Dkt. No. 6-1 at 1.) Accordingly, the Court construes Plaintiff's *ex parte* request as seeking to serve the subpoena on Time Warner because the reference to Cox Communications appears to be a scrivener's error.

"The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, 2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (*quoting Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (*citing Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

To determine whether "good cause" exists to permit expedited discovery to identify Doe defendants, district courts in this Circuit consider whether the plaintiff (1) "identif[ies] the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court"; (2) "identif[ies] all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant; and (3) "establish[es] to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Columbia Ins.*, 185 F.R.D. at 578-80. Additionally, the plaintiff should demonstrate the discovery will likely lead to identifying information that will permit service of process. *Id.* at 580. These factors are considered to ensure the expedited discovery procedure "will only be employed cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." *Id.*

### III. Discussion

#### a. Identification of Missing Party with Sufficient Specificity

Plaintiff must identify Defendant with enough specificity to enable the Court to determine that Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D. at 578. Some district courts in this Circuit have determined that "a plaintiff identifies Doe defendants with sufficient

specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings*, 2012 WL 1648838, at *4; *see Openmind Solutions, Inc. v. Does 1-39*, 2011 U.S. Dist. LEXIS 116552, at *6, (concluding that plaintiff satisfied the first factor by identifying the defendants' IP addresses and by tracing the IP addresses to a point of origin within the State of California); *see also Pink Lotus Entm't v. Does 1-46*, 2011 U.S. Dist. LEXIS 65614, *6 (same). Others have concluded that merely identifying the IP addresses on the day of the alleged infringement satisfies this factor. *808 Holdings*, 2012 WL 1648838, at *4 (citing cases).

      Here, Plaintiff provided the Court with sufficient specificity that it seeks to sue a real person subject to this Court's jurisdiction. In support of its identification of the missing party, Plaintiff filed a chart that lists the unique IP address corresponding to Defendant, and the dates and times of the purportedly infringing activity, as well as the city in which the IP address is located. (Dkt. No. 6-1 at 1.) Plaintiff's First Amended Complaint also traces the IP address to this District. Plaintiff states in its First Amended Complaint that it used geolocation technology to confirm the IP address associated to the alleged infringement has been traced to this District. (Dkt. No. 6 at ¶ 11); *see also* Fed. R. Civ. P. 11(b)(3) (by presenting to the court a pleading, any attorney certifies that the "factual contentions have evidentiary support…."). Based on this information, the Court finds Plaintiff satisfied the "sufficient specificity" threshold. Accordingly, the Court concludes Plaintiff provided a sufficient showing that it seeks to sue a real person subject to the Court's jurisdiction. Likewise, if Plaintiff obtains the identifying information from the ISP for the subscriber assigned the IP address at issue, the information sought in the subpoena would likely enable Plaintiff to serve the Defendant.

      **b. Previous Attempts to Locate Defendants**

      Second, Plaintiff must describe all previous steps taken to locate the Defendant to ensure that Plaintiff made a good faith effort to identify the Defendant. *See Columbia*

*Ins.*, 185 F.R.D. at 579.  Here, Plaintiff states that it identified the Defendant's ISP, where the Defendant is generally located, and the software Defendant used.  Plaintiff avers, however, that it has no other practical means to identify the Defendant.  Thus, the Court finds Plaintiff obtained and investigated the available data pertaining to the alleged infringement and made a good faith effort to locate Defendant.

### c. Whether Plaintiff Can Withstand a Motion to Dismiss

To survive a motion to dismiss, Plaintiff must make a *prima facie* case of copyright infringement.  A plaintiff must show: (1) ownership of a valid copyright; and (2) that Defendant violated the copyright owner's exclusive rights under the Copyright Act. *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012).

Here, Plaintiff alleges it owns the registered copyright of the work that Defendant allegedly copied and distributed using the BitTorrent file distribution network. (Dkt. No. 6 at ¶¶ 1, 8-10, 12-13.)  Plaintiff also alleges it did not permit or consent to Defendant's copying or distribution of its work.  (Id. at ¶ 32.)  It appears Plaintiff has stated a *prima facie* claim for copyright infringement that can withstand a motion to dismiss.

Additionally, Plaintiff alleges sufficient facts to show it can withstand a motion to dismiss for lack of personal jurisdiction and withstand a motion for improper venue because Defendant's IP address was traced to a location in this District. (Dkt. No. 6 at ¶ 11.)  Accordingly, the Court concludes Plaintiff has alleged a *prima facie* showing of copyright infringement that would likely withstand a motion to dismiss.

## IV. Conclusion

For good cause shown, the Court **GRANTS** Plaintiff's *ex parte* motion for expedited discovery.  It is **ORDERED** that:

1. Plaintiff may serve a subpoena on Defendant's ISP, Time Warner Cable, seeking **only** the name and address of the subscriber assigned to Defendant's IP address. The ISP is **not** to release the Defendant's telephone number or email address.

2. Time Warner Cable shall have fourteen (14) calendar days after service of the subpoena to notify the subscriber that his or her identify has been subpoenaed by Plaintiff.

3. The subscriber whose identity has been subpoenaed shall then have thirty (30) calendar days from the date of the notice to seek a protective order or to file any other appropriate pleading with this Court contesting the subpoena.

4. If the ISP wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other challenge is brought, the ISP shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

5. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Time Warner Cable. Time Warner Cable, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its amended complaint. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated:  March 29, 2016

*Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge